**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

UNITED STATES OF AMERICA

    v.                                                                          NO. 3:23-CR-100-BJB

QUINNTON DAWSON

**OPINION & ORDER**

The Government indicted Quinnton Dawson for seven counts related to child pornography and exploitation. DN 3. The Court bifurcated Count 7, which implicated Dawson's alleged sex-offender status, and set a trial date. Memorandum of Conference and Order (DN 23).

Dawson now seeks a bench trial rather than a jury trial. He contends he cannot "get a fair trial if he goes before a jury" because of the sensational and inherently prejudicial nature of child pornography. Defendant's Motion to Waive Jury Trial (DN 34) at 3. He anticipates that the Government will introduce a video of him "engaging in a sexual act with a prepubescent female." *Id.* Once shown, "because of the inherent biases of the general public against sex offenders," he contends he will be unable to overcome "such bias" and the jury will be unable "to focus on all the evidence." As a separate reason for waiver, Dawson argues that the jury will likely (and impermissibly) use evidence that supports one count to convict him of a different offense. *Id.* But the Government has not consented to a bench trial. Response (DN 37).

The Government is correct that a bench trial is never—or at least practically never—appropriate absent consent by both parties. "Trial by jury has been established by the Constitution as the normal and preferable mode of disposing of issues of fact in criminal cases." *Singer v. United States*, 380 U.S. 24, 35 (1965) (cleaned up). The Constitution codifies this guarantee in two places: Article III provides that "Trial of all Crimes … shall be by Jury," U.S. Const. art III, § 2, and the Sixth Amendment guarantees the right to "an impartial jury." U.S. Const. amend VI. Neither the article nor amendment contemplates a trial solely before a judge. Consistent with the Constitution's trial-by-jury norm, the Federal Rules of Criminal Procedure condition waiver (which is to say a bench trial) on the defendant's signature, the government's consent, and the court's approval. FED R. CRIM. P. 23(a).

The gap in Dawson's request—the Government's consent—is too wide for Dawson to clear. The Government expressly rejected Dawson's request to waive his right to a jury trial, and he has no unilateral right to demand the mode of his trial. As the Supreme Court explained in *Singer*, "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." 380 U.S. at 34–35. The Court there considered the Government's consent necessary, in part, because "the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal"—that is, a jury—"which the Constitution regards as most likely to produce a fair result." *Id.* at 36. Here the Government's insistence on a jury as the most appropriate factfinder renders a jury the *required* trier of Dawson's charges.

An abundance of caselaw confirms that Dawson cannot unilaterally demand a bench trial over the Government's objection. "[B]ecause of the great public interest in jury trials as the preferred mode of fact-finding in criminal cases, a defendant cannot waive a jury trial without the consent of the prosecutor and judge." *Gannett Co. v. DePasquale*, 443 U.S. 368, 383 (1979). The Sixth Circuit has also noted that "[j]ury trial waivers are not effective unless the government attorney consents." *United States v. Martin*, 704 F.2d 267, 271 (6th Cir. 1983); *see also United States v. U.S. District Court for E.D. Cal.*, 464 F.3d 1065, 1070 (9th Cir. 2006) ("[N]o United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection."). Because the Constitution, Rule 23(a), and the Government command one mode of trial unless all parties consent, Dawson cannot self-select a bench trial.

Dawson resists this conclusion and points to a smattering of caselaw leaving open the door to a bench trial over the Government's objection. This option remains available, he says, in exceptional circumstances such as these. Neither the major nor the minor premise, however, is persuasive.

First, Dawson argues that caselaw supports nonconsensual bench trials in situations that involve "complex and complicated legal issues," "inherent bias," or "introduction of evidence that could be improperly considered against other defendants." Defendant's Motion at 4–5. But these decisions do not root an exception to jury trials in any positive law or binding caselaw. Instead, these cases trace back to *Singer*, in which the Supreme Court addressed a rather different question: the constitutionality of Rule 23(a) of the Federal Rules of Criminal Procedure, which of course supports rather than undermines the Government's authority to insist on a jury trial. 380 U.S. at 36–37. Rather than rely on this holding, Dawson and the decisions he cites hinge on *Singer*'s dicta, which declined to "determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on

trial by jury would result in the denial to a defendant of an impartial trial." *Id.* at 37.

That a smattering of district courts have interpreted *Singer*'s dicta to permit bench trials over the Government's objection has little persuasive value here. To start, those decisions involved extreme facts. *See, e.g., United States v. Smith*, 702 F. Supp. 3d 206 (S.D.N.Y. 2023) (defendant prone to uncontrollable violent outbursts would require prejudicial shackling during trial); *United States v. Cohn*, 481 F. Supp. 3d 122 (E.D.N.Y. 2020) (substantial Covid-related delays and medical precautions); *cf. United States v. Panteleakis*, 422 F. Supp. 247 (D.R.I. 1976) (perceived legal complexity). More important, *Singer*'s "exception" (if that's what it is) suggests (at most) that conflict with *another constitutional right*—the right to a "fair trial" or "due process," for example—may justify overriding the Government's objection. 380 U.S. at 36. Dawson hasn't identified any such competing and concrete constitutional provision—other than his general concern that the "nature" and "number" of his alleged sex crimes will prevent a fair trial before a jury; certainly no provision that approaches the starkness of the judge *v.* jury distinction. Defendant's Motion at 3. Moreover, in the decades that followed *Singer*, the Supreme Court has never affirmatively held that a criminal defendant has a unilateral *right* to waive the Constitution's preferred method of trial by jury and circumvent the Government's objection. Instead, the Court has suggested that the opposite is true: "[A] a defendant cannot waive a jury trial without the consent of the prosecutor and judge." *DePasquale*, 443 U.S. at 383. Finally, although the Sixth Circuit has in passing mentioned the "exception suggested in *Singer*," it did so a half-century ago and left the exception's applicability "in the first instance [as] a matter of discretion with the trial judge." *United States v. Wright*, 491 F.2d 942, 945 (6th Cir. 1974). A half-century later, the Court of Appeals has apparently never affirmatively held that a criminal defendant has a right to *compel* a bench trial over the Government's objection.

Second, even if these decisions leave open the door to unilateral waiver based on exceptional circumstances, Dawson's situation wouldn't qualify. He cites *Cohn*, which in ordering a bench trial looked to the purpose of the Government's objection, unfair interference with a separate constitutional right, the public's interest in a speedy trial, and the likelihood of an unworkable or unfair jury trial. 481 F. Supp. 3d at 129.

Even assuming the validity of such an expansive approach, however, *Cohn*'s analysis would not justify Dawson's request. Nothing in the record or on the face of the filings indicates that the Government objected "for some improper purpose." *Id.* (Query how much success a trial judge will ever have in divining such a motive, given that the Government needn't "articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." *Singer*, 380 U.S. at 37.).

Dawson hasn't explained how a jury trial would "unfairly interfer[e] with the defendant's exercise of a separate constitutional right." *Cohn*, 481 F. Supp. 3d at 129. Although he suggests that some of the evidence *may* cause the jury to be biased or unfairly prejudiced against him, that generalized concern casts little doubt on the effectiveness of typical procedural safeguards—voir dire, objections, jury instructions, and the like—to remedy any concerns of jury partiality. Neither party has suggested that a jury trial impedes "the public's right to a speedy trial"—to the contrary, the motions focus solely on the mode, not the timing, of the trial. *Id.* And no "case-specific factors, such as the nature of the evidence or the predominance of legal issues over factual issues, would render obtaining an impartial jury trial difficult or unworkable." *Id.* Federal juries frequently assess charges of crimes much like Dawson's. *See, e.g., United States v. Knowles*, 623 F.3d 381, 383 (6th Cir. 2010).

Nor do the other district-court decisions that overrode the Government's objection bear any factual resemblance to Dawson's situation. His charges aren't inherently complex or technical, *see Palenteleakis*, 422 F. Supp. at 250, trial by jury doesn't burden his religious beliefs, *see United States v. Lewis*, 638 F. Supp. 573, 581 (W.D. Mich. 1986), and he's not "shackled" and "suffering from severe personality difficulties that make it challenging for him to regulate his behavior," *Smith*, 702 F. Supp. 3d at 212. Dawson's anticipatory concern about the potentially prejudicial effects of potential evidence doesn't justify departure from the Constitution's norm. *See Singer*, 380 U.S. at 35. A great deal of relevant evidence is to some degree prejudicial, and a great number of juries must (with the help of the judge's instructions) parse evidence in view of multiple counts. *See, e.g., Richardson v. Marsh*, 481 U.S. 200 (1987) (juries presumed to follow instructions). To accept Dawson's circumstances as cause for waiver would effectively conclude that any defendant facing multiple child-sex charges could unilaterally forgo trial by jury. Such a rule cannot be squared with the Constitution or Rule 23(a).

To the extent Dawson expresses concern about evidence-specific bias or prejudice, those issues are best addressed during voir dire or trial. Dawson's fears are understandable, which is why the Federal Rules of Evidence include, among other things, instructions and exclusions that account for potential jury confusion, bias, and unfair prejudice. *See* FED. R. EVID. 403. Trial by jury, here as with all other trials, will include procedural and substantive safeguards to make his trial as fair as possible and mitigate his concerns of undue prejudice or bias. *See, e.g., Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[E]stablished rules of procedure and evidence [are] designed to assure both fairness and reliability in the ascertainment of guilt and innocence."). It is these procedures that best address Dawson's concerns—not the waiver of a constitutional standard over the Government's objection based on speculative fears.

## ORDER

Because the Government has not consented to waive Dawson's trial by jury, and neither the Constitution nor Rule 23(a) allow him to unilaterally demand a bench trial, the Court denies his motion.

The Court nevertheless grants Dawson's unopposed motion to continue the trial (DN 53) and sets a status conference for **November 12, 2025, at 2:30 P.M. Eastern**. The Court excludes the time between this order and the status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h), because the ends of justice served by this continuance outweigh the interests of the public and the Defendant's right to a speedier trial.