

FILED
JAMES J. VILT, JR. - CLERK

MAR 0 6 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.   No. 3:23-cr-100-BJB

QUINNTON DAWSON

\* \* \* \* \*

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear the Government and the Defense give their closing arguments— but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

### I. DUTIES OF THE JURY

You have two main duties as a jury. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. Instructing you about the law is my job. And you are bound by the oath you took at the beginning of the trial to follow my instructions, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, as well as these instructions now. All of the instructions are important, and you should consider them together as a whole.

The Government and the Defendant may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence

your decision in any way. The parties, lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in this case. Unless I instruct you otherwise, that evidence consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who offered them), and all facts and events that may have been admitted or agreed to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times should help you understand the evidence, but is not itself actually evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence, on the other hand, is evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

The Defendant has pled not guilty to the crimes charged in the superseding indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

This Defendant, like all defendants, started trial with a clean slate, and without any evidence at all against him. It is not up to him to prove his innocence; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, and doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of a charged offense beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

### ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

This Defendant, like all defendants, has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. As I just explained, it is up to the Government to prove the Defendant is guilty beyond a reasonable doubt—not up to the Defendant to prove that he is innocent.

### OBJECTIONS

The lawyers for the Government and the Defendant may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers are free and sometimes obligated to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## OPINION TESTIMONY

You have heard some witnesses testify regarding both facts and their opinions. As to fact testimony, consider the discussion earlier in these instructions about weighing witness credibility. As to opinion testimony, consider the witness's qualifications, how he reached his conclusions, and the other factors discussed above regarding weighing credibility. Remember that you alone decide how much (if any) of a witness's testimony to believe, and how much weight it deserves.

## OTHER ACTS OF THE DEFENDANT

You have heard testimony that the Defendant took some acts other than the ones charged in the superseding indictment. If you find the Defendant did those things, you may consider the evidence only as it relates to the Government's claim on the Defendant's intent, motive, opportunity, preparation, plan, knowledge, or identity. You must not consider this testimony for any other purpose.

Remember that the Defendant is on trial here only for the specific counts of sexual exploitation, receipt of child pornography, distribution of child pornography, and possession of child pornography charged in the superseding indictment—and not for any other acts. Do not return a guilty verdict unless the Government proves a crime charged in the superseding indictment beyond a reasonable doubt.

## II. RULES OF LAW

For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge according to the rules explained below. The superseding indictment charges the Defendant with three counts of sexual exploitation of children, two counts of receipt of child pornography, two counts of distribution of child pornography, and one count of possession of child pornography. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### Counts 1–3: Sexual Exploitation of Children

Counts 1 through 3 of the superseding indictment charge the Defendant with using a minor to engage in sexually explicit conduct to create a visual depiction. In order to find the Defendant guilty of these offenses, you must find each of two elements beyond a reasonable doubt:

1. The Defendant employed, used, persuaded, enticed, coerced, or induced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

2. The visual depiction was produced using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

Now I will explain some definitions related to these elements.

A defendant "uses" a minor if he photographs the minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of 18 years.

The term "for the purpose of" means that the defendant acted with the intent to create visual depictions of sexually explicit conduct, and that the defendant knew the character and content of the visual depictions.

The term "sexually explicit conduct" means actual or simulated (i) sexual intercourse including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of a person.

In deciding whether an exhibition is lascivious, you may consider these six factors:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "producing" means not only producing but also making, creating, directing, manufacturing, issuing, publishing, advertising, or copying.

The term "visual depiction" includes data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

The term "in interstate commerce" means the materials used in connection with the production of child pornography crossed a state line.

The phrase "affecting" interstate or foreign commerce means having at least a minimal effect upon interstate or foreign commerce.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar device.

The Government does not have to prove that the Defendant took the pictures or videos or that the Defendant knew of the interstate or foreign nature of the materials used to produce the visual depictions.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the particular charge in question. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on that charge.

**Counts 4 & 6: Receipt of Child Pornography**

Counts 4 and 6 of the superseding indictment charge the Defendant with receiving child pornography. In order to find the Defendant guilty of these offenses, you must find each of three elements beyond a reasonable doubt:

1. The Defendant knowingly received any child pornography;

2. The Defendant knew that the material was child pornography; and

3. The child pornography was transported in or affecting interstate or foreign commerce by any means or facility of interstate or foreign commerce, including by computer.

Now I will give you more detailed instructions on some of these terms.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

The term "visual depiction" includes data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

The terms "sexually explicit conduct," "visual depiction," "computer," "interstate commerce," "means or facility of interstate commerce," and "affecting" interstate commerce mean the same things for Counts 4 and 6 that they do for Counts 1–3.

If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on the particular charge in question. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on that charge.

**Counts 5 & 7: Distribution of Child Pornography**

Counts 5 and 7 of the superseding indictment charge the Defendant with distributing child pornography. In order to find the Defendant guilty of these offenses, you must find each of three elements beyond a reasonable doubt:

1. The Defendant knowingly distributed any child pornography;

2. The Defendant knew that the material was child pornography; and

3. The child pornography was transported in or affecting interstate or foreign commerce by any means or facility of interstate or foreign commerce, including by computer.

Now I will give you more detailed instructions on some of these terms.

The terms "child pornography," "visual depiction," "sexually explicit conduct," "computer," "in interstate commerce," "means or facility of interstate commerce," and "affecting" interstate or foreign commerce mean the same things for Counts 5 and 7 as they do for Counts 1–3, 4, and 6.

If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on the particular charge in question. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on that charge.

**Count 8: Possession of Child Pornography**

Count 8 of the superseding indictment charges the Defendant with possessing child pornography. In order to find the Defendant guilty of this offense, you must find each of three elements beyond a reasonable doubt:

1. The Defendant knowingly possessed any book, magazine, periodical, film, videotape, computer disk, or material that contained an image of child pornography;

2. The Defendant knew that the material was child pornography; and

3. The image of child pornography was transported in or affecting interstate or foreign commerce by any means or facility of interstate or foreign commerce, including by computer.

Now I will give you more detailed instructions on some of these terms.

To establish possession, the Government must prove that the Defendant had direct, physical control over the computer files at issue, and knew that he had control of them. But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had possession of the child pornography, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The terms "child pornography," "visual depiction," "sexually explicit conduct," "computer," "in interstate commerce," "means or facility of interstate commerce," and "affecting" interstate or foreign commerce mean the same things for Count 8 as they do for Counts 1–7.

If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on this charge.

**Proof of a Defendant's State of Mind**

Proving the accusations in Counts 1–3 requires the Government to prove that the Defendant intended to create visual depictions of sexually explicit conduct and knew the character and content of the visual depictions. Proving the accusations in Counts 4–8 requires the Government to prove that the Defendant knowingly received, distributed, or possessed material that he knew contained child pornography. The term "knowingly," as that term has been used in these instructions, means that the acts were done voluntarily and intentionally, not because of mistake or accident.

Let me say a little more about proving someone's state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind. Whether the proof supports such a conclusion here, of course, is for you to decide.

### III. Jury Deliberations

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and serve as your spokesperson when you return from the jury room back here to the courtroom.

The security officers will deliver copies of these instructions to you in the jury room. When you have reached a unanimous agreement, the foreperson should complete the verdict form attached to his or her instructions in accordance with the jury's verdict; the rest of the jurors do not need to fill out the verdict form, although you must all agree with the jury's verdict as reflected on the foreperson's form. Once the jury has made its decisions and the foreperson has recorded them, he or she should write the date, sign the verdict form on behalf of the jury, and tell the officer. Then you will return as a group with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers and the Defendant about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

If you decide that the Defendant is guilty, it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.